UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOMAN D. RAINES,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

                                    /

File No. 1:04-CV-723

HON. ROBERT HOLMES BELL

## **OPINION**

      This matter comes before the Court on Movant Doman D. Raines' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.**

      On January 17, 2002, Movant entered a plea of guilty pursuant to a written plea agreement to four counts of an indictment: (1) being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); (2) possession of a stolen firearm, 18 U.S.C. § 922(j); (3) distribution of cocaine base, 21 U.S.C. § 841(a)(1); and (4) collection of credit by extortionate means, 18 U.S.C. § 894(a)(1) and (2).  On April 19, 2002, this Court sentenced Movant to four terms of 114 months, to be served concurrently.  Judgment of conviction was entered on April 23, 2002.  Movant appealed his sentence to the Sixth Circuit.  The sentence was affirmed on December 13, 2002.

On or about October 8, 1994, Movant filed the instant § 2255 motion.[1]

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner did not date his motion and mistakenly mailed it to the Sixth Circuit. The motion was received by the Sixth Circuit on October 8, 2004. It was filed in this Court on October 14, 2004. Thus, it must have been handed to prison officials sometime before October 8, 2004, though the Court is unable to determine the precise date.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant contends that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), because this Court increased his sentence based on findings of fact that were not found by a jury and were not admitted by Movant.  He asserts that his attorney rendered ineffective assistance of counsel when counsel failed to challenge the Court's factual findings at sentencing and failed to raise the *Apprendi* issue on appeal.

In *Apprendi*, 530 U.S. 466, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory*

*maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489 (emphasis added). Subsequently, in *Blakely*, 542 U.S. 296, the Supreme Court expanded the holding in *Apprendi* to find that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines. In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines. The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id.* at 769. A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The Sixth Circuit affirmed Movant's conviction on December 13, 2002. Because Movant did not file a petition for writ of certiorari, his conviction became final no later than March 13, 2003, at the expiration of the 90-day period for filing such

petition. *See Clay v. United States*, 537 U.S. 522, 524-25 (2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Movant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*.

Based on the clear holding in *Humphress*, Movant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005.

Movant contends, however, that his attorney rendered ineffective assistance when he failed to raise the *Apprendi* issue at sentencing and on appeal. To establish a claim of

5

ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Movant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 488. At the time of Defendant's sentencing and appeal in 2002, the Sixth Circuit had held that judicial factfinding under the federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Harris*, 238 F.3d 777, 779 (6th Cir. 2001); *United States v. Johnson*, 24 Fed. Appx. 376, 380 (6th Cir. 2001); *United States v. Elliott*, No. 99-5994, 2000 WL 1175600 (6th Cir. Aug. 9, 2000). Even after the Supreme Court's decision in *Blakely*, 542 U.S. 296, the Sixth Circuit continued to hold that the decisions did not apply to the federal sentencing guidelines. *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004).

As a result, only after the issuance of the *Booker* decision in 2005 did it become clear that judicial factfinding under the federal sentencing guidelines and mandatory application of those guidelines could violate the Sixth Amendment. Accordingly, on the basis of the law

as it existed at the time Defendant was sentenced and filed his appeal, counsel's decision not to raise the issue was objectively reasonable and did not constitute ineffective assistance of counsel. *See United States v. Burgess*, 142 Fed. Appx. 232, 241 (6th Cir. 2005) (failure to predict Supreme Court's decision in *Booker* does not constitute ineffective assistance); *Green v. United States*, 65 F.3d 546, 551(6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law.  We agree . . . that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").[2]

---

[2] Although the Court has addressed the merits of the claims, the Court notes that the motion to vacate also appears to be time-barred.  Pursuant to 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion.  The one year statute of limitations begins to run from the latest of several dates, including "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  The Sixth Circuit has held that:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)).  Here the one year statute of limitations would have commenced ninety days after the Sixth Circuit issued its opinion on December 13, 2002.  Thus, Petitioner would have had until Monday, March 15, 2004 to file his § 2255 petition.  He did not file until on or about October 8, 2004, nearly seven months

7

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:    February 13, 2006                /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE

---

after the expiration of the statute of limitations.  Movant contends, however, that he was incarcerated in lock-down status for many months and unable to research his claims.  He therefore suggests that this Court should equitably toll the statute of limitations.  *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005).  Because Movant claims are patently meritless, the Court need not and does not affirmatively decide the statute-of-limitations question.